# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2024

Lyle W. Cayce
Clerk

———————

No. 21-10345

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAYSON HOWARD MOORE,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-533-1

———————————————————

Before JOLLY, SOUTHWICK, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Jayson Howard Moore appeals his convictions of: (1) one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and (2) one count of for possession of a firearm by a person subject to a domestic violence protective order in violation of 18 U.S.C. § 922(g)(8).[1]

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] In *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), this court held that 18 U.S.C. § 922(g)(8) is unconstitutional. Because Moore appeals a Section 922(g)(8) conviction, we held this appeal in abeyance pending the release of the Supreme Court's

No. 21-10345

On appeal, Moore challenges his arrest warrant; the district court's refusal to suppress evidence; and the district court's conclusion that a text message received by a juror did not prejudice him. These arguments have no merit and we therefore AFFIRM Moore's conviction.

## I.

In September of 2015, police officers and agents of the Bureau of Alcohol, Tobacco, and Firearms (ATF) learned that Jayson Howard Moore, a convicted felon, pawned four firearms and ammunition at a federally licensed firearms dealer. Two ATF special agents went to the pawn shop and seized the firearms and ammunition. A magistrate judge issued a federal arrest warrant for Moore based on a complaint and an affidavit presented by a detective. Officers with the state police department arrested Moore and transferred him to federal custody.

Moore was indicted on one count of possession of a firearm by a convicted felon. The district court held a *Faretta*[2] hearing and found that Moore knowingly and voluntarily waived his right to counsel and elected to represent himself. Prior to trial, Moore filed a motion to suppress the firearms and ammunition that, without a warrant, were seized from the pawn shop by ATF agents. After a two-day hearing, the district court denied Moore's suppression motion. Moore was subsequently convicted by a jury of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

While he was awaiting sentencing, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), in which it held that in a §

---

decision in that case. Because the Supreme Court reversed that holding, no further discussion of the panel's opinion is warranted in this case.

[2] *Faretta v. California*, 422 U.S. 806 (1975).

922(g) prosecution, the Government must prove that the defendant knew that he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing firearms. Moore filed an unopposed motion for a new trial. The district court vacated Moore's earlier conviction and ordered a new trial.

Ahead of the second trial, the district court advised the parties that it would not revisit its prior determination of Moore's motion to suppress or its rulings on other pretrial motions because those rulings were not affected by *Rehaif*. Shortly before the second trial, the Government obtained a superseding indictment, which added a count for possession of a firearm by a person subject to a domestic violence protective order in violation of 18 U.S.C. § 922(g)(8). After the second trial, the jury found Moore guilty on both counts. The district court sentenced Moore to concurrent terms of 45 months of imprisonment, three years of supervised release, and a $200 special assessment. Moore has timely appealed.

## II.

We first consider Moore's various arguments related to the validity of his arrest warrant. We will review factual findings for clear error and legal conclusions regarding the sufficiency of the warrant de novo. *United States v. Allen*, 625 F.3d 830, 834 (5th Cir. 2010) (citing *United States v. Cherna*, 184 F.3d 403, 406 (5th Cir. 1999)). We will view the evidence in the light most favorable to the prevailing party, in this case the Government. *United States v. Garza*, 118 F.3d 278, 282 (5th Cir. 1997).

At the outset, Moore argues that the arrest warrant was defective because it lacked a description of the person or thing to be seized, as it did not include a description of him, his social security number, birth date, race, or age.

The warrant clause of the Fourth Amendment requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing ... persons or things to be seized." U.S. CONST. AMEND. IV. This requirement is codified in Rule 4 of the Federal Rules of Criminal Procedure which provides that a warrant must "contain the defendant′s name, or, if it is unknown, a name or description by which the defendant can be identified with reasonable certainty." FED. R. CRIM. P. 4(b)(1)(A). Generally, the inclusion of the name of the person to be arrested on the arrest warrant constitutes a sufficient description to satisfy the Fourth Amendment requirement that the person to be seized be described with particularity. *See Wanger v. Bonner*, 621 F.2d 675, 682 (5th Cir. 1980) (citing FED. R. CRIM. P. 4(c)). Here, the arrest warrant correctly stated that "Jayson Howard Moore" was the person to be arrested. Because the arrest warrant included the correct name, no further description of Moore was required. In short, the arrest warrant satisfied the particularity requirement and was valid.

Moore further argues that his arrest warrant was invalid because the arresting officer had not seen the arrest warrant prior to arresting him, did not check any federal databases to confirm that Moore had an outstanding arrest warrant and was unable to produce a copy of the arrest warrant at the time of his arrest. After holding an evidentiary hearing, the district court found that Moore was arrested pursuant to a valid arrest warrant. It further found that there was no legal requirement that the arresting officers have actual possession or produce a copy of the arrest warrant when making the arrest.

Moore does not argue that his arrest warrant lacked probable cause. Further, there is no requirement that an arresting officer possess the actual arrest warrant when making an arrest. *See Barnes v. Madison*, 79 F. App'x 691,

703 (5th Cir. 2003). Thus, the district court did not err in rejecting Moore's arguments that his arrest warrant was invalid.[3]

## III.

We now turn to the Moore's arguments regarding the district court's denial of his motion to suppress.[4] When reviewing the denial of a motion to suppress evidence, we review the district court's factual findings for clear error and the constitutionality of law enforcement action de novo. *United States v. Perez*, 484 F.3d 735, 739 (5th Cir. 2007) (citation omitted).

Moore contends that the firearms and ammunition should have been suppressed because they were seized from the pawn shop without a warrant. Moore further argues that the seizure required a warrant because he had both a "possessory interest" and a "reasonable expectation of privacy" in the firearms that he had pawned with Lone Star Pawn, a federally licensed firearms dealer. Additionally, he contends that the firearms were not in plain view because they were stored in a vault.

As the party seeking suppression, Moore had "the burden of proving by a preponderance of the evidence that the evidence in question was

---

[3] Moore also argues that there was no valid arrest warrant on the date of his arrest. The record refutes his assertion. The arrest warrant was signed by the magistrate judge on September 28, 2015. Moore was arrested on October 15, 2015.

[4] In addition to arguing the merits of his suppression motion, Moore argues that the district court violated his constitutional right to defend himself by prohibiting him from filing a motion to suppress ahead of his second trial. The record does not indicate that Moore objected to the district court's ruling or that he filed another motion to suppress prior to the second trial. Thus, review of this issue is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Because the *Rehaif* decision was not relevant to Moore's suppression motion, it was not necessary for the district court to reconsider its prior denial of the motion. *See Rehaif*, 139 S. Ct. at 2200. Moore thus has not shown any error, plain or otherwise, in the district court's decision not to reconsider its denial of his suppression motion. *See Puckett*, 556 U.S. at 135.

obtained in violation of his Fourth Amendment rights." *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009). "That burden includes establishing standing to contest the evidence." *United States v. Turner*, 839 F.3d 429, 432 (5th Cir. 2016) (citing *United States v. Iraheta*, 764 F.3d 455, 460–61 (5th Cir. 2014)). To establish standing, a defendant must show that he has "a privacy or property interest in the premises searched or the items seized." *United States v. Pierce*, 959 F.2d 1297, 1303 (5th Cir. 1992) (citation omitted).

Here, Moore repeatedly denied being the owner or the person who pawned the firearms. Thus, the district court correctly found that he could not establish a "privacy interest" or "possessory interest" in the property for purposes of suppression. *See Pierce*, 959 F.2d at 1303 (finding no standing for purposes of suppression motion where the defendant "continually attempted to disassociate himself from the package" that he was attempting to suppress).

But even assuming Moore had a sufficient interest in the pawned firearms, he cannot show that he had a legitimate expectation of privacy in them. It is true that "warrantless searches and seizures are presumptively unreasonable…." *United States v. McKinney*, 980 F.3d 485, 490 (5th Cir. 2020) (citing *United States v. Hill*, 752 F.3d 1029, 1033 (5th Cir. 2014)). But pawn shops that are also federally licensed firearms dealers belong to a class of industries "long subject to close supervision and inspection," *Colonnade Catering Corp. v. United States*, 397 U.S. 72, 77 (1970), and "pervasively regulated business(es)," *United States v. Biswell*, 406 U.S. 311, 316 (1972). "In the context of a regulatory inspection system of business premises that is carefully limited in time, place, and scope, the legality of the search depends not on consent but on the authority of a valid statute." *Id.* As the district court noted, 18 U.S.C. § 923(g) plainly authorizes federal agents to conduct warrantless inspections of firearms and related records possessed and maintained by pawnshop operators who are federally licensed firearms

dealers.[5] *See Biswell*, 406 U.S. at 315-16 (upholding federal agent's warrantless search of a federally licensed pawnshop operator's locked gun storeroom and seizure). Accordingly, the district court did not err in concluding that a warrant was not needed.

IV.

Finally, Moore contends he was prejudiced by a text message that a juror received on the fourth day of trial. He argues that the district court erred by not properly addressing the matter when it was notified of the text message. This court generally reviews such questions for abuse of discretion. *United States v. Jordan*, 958 F.3d 331, 335 (5th Cir. 2020). Because Moore did not object to the district court's handling of this text message issue, our review is limited to plain error. *See Puckett*, 556 U.S. at 135-36.

"To be entitled to a new trial based on an extrinsic influence on the jury, a defendant must first show that the extrinsic influence likely caused prejudice." *Jordan*, 958 F.3d at 335 (internal quotation marks and citation omitted). The Government has the burden to show lack of prejudice. *Id.* To do so, it must show that "there is no reasonable possibility that the jury's verdict was influenced by the extrinsic evidence." *Id.* (internal quotation marks and citation omitted).

Here, a juror received a text message from an unknown phone number that said, "guilty." She showed the message to another juror, who advised her to report it to the court's security officer. The juror immediately reported

---

[5] In particular, § 923(g)(1)(B) authorizes the ATF to conduct an inspection of a federally licensed dealer's firearms records and inventory "without such reasonable cause or warrant . . . in the course of a reasonable inquiry during the course of a criminal investigation of a person or persons other than the [federally licensed dealer]" or if "required for determining the disposition of one or more particular firearms in the course of a bona fide criminal investigation." 18 U.S.C. § 923(g)(1)(B)(i), (iii).

the message. Upon doing so, the district court (1) conducted an investigation into the matter; (2) held a hearing with all parties present and in which each party could question the jurors who had seen the message, as well as the sender of the message; (3) determined that the text message would not prejudice any party; and (4) permitted the two jurors who had seen the message to stay on the jury. Moore declined to question the juror when given the opportunity. Moore also stated that he was willing to waive any argument concerning whether anyone should be excused from the jury in case of an appeal. Moore thus cannot show that the district court plainly erred in finding that no juror was influenced by the text message and that it did not cause prejudice. *See Jordan*, 958 F.3d at 335; *see also Puckett*, 556 U.S. at 135.

## V.

In sum, we have held the following: (1) Moore's arrest warrant was valid; (2) the district court did not err in denying Moore's motion to suppress the firearms and ammunition seized from the pawn shop; and (3) the district court did not err in finding that no juror was influenced by the text message that a juror received during the trial and that the text message did not cause prejudice. We have thus upheld Moore's conviction.

AFFIRMED.